# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NOCO COMPANY, | ) | CASE NO. 1:19-cv-1276 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| FRANCISCO VALENZUELA, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of plaintiff Noco Company ("Noco") for attorney fees and costs. (Doc. No. 14.) Defendant Francisco Valenzuela ("Valenzuela") was served with a copy of the motion at his address of record, but no response to the motion appears on the docket. (*Id.* at 3.[1]) For the reasons that follow, the motion is granted in part and denied in part.

## I.     BACKGROUND

Noco's complaint against Valenzuela alleged that he sold Noco's products and used Noco's proprietary intellectual property without authority or Noco's consent. (Doc. No. 1.) Noco claimed that Valenzuela's unauthorized use of Noco's trademark rights violated federal and state trademark laws. (*See id.*)

Valenzuela did not answer or otherwise respond to the complaint. After the Clerk entered default against Valenzuela pursuant to Fed. R. Civ. P. 55(a) (Doc. No. 9), Noco

---

[1] Page number references are to page numbers assigned to each individual document by the Court's electronic filing system.

1

moved for default judgment pursuant to Fed. R. Civ. P. 55, and the Court entered default judgment in favor of Noco and against Valenzuela (Doc. Nos. 10, 11).

In the default judgment entry, the Court ordered Valenzuela to pay, pursuant to 15 U.S.C. § 1117(a), Noco's reasonable attorney fees associated with prosecuting its claims against Valenzuela and bringing the motion for default judgment. Noco was instructed to submit an affidavit "setting forth its reasonable costs and attorney's fees for the Court's consideration." (Doc. No. 11 at 2–3.)

Noco submitted the affidavit of David Posteraro, counsel for Noco in this action. (Doc. No. 13.) Attached to the affidavit is a summary of fees and expenses. (Doc. No. 13-1.) In the affidavit, Attorney Posteraro avers that counsel incurred legal fees ($716.00) and costs ($491.57) totaling $1,207.57. (Doc. No. 13 ¶ 6; *see also* Doc. No. 13-1.)

## II. DISCUSSION

### A. Attorney Fees

Under 15 U.S.C. § 1117(a), "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." For the reasons discussed above, plaintiff has obtained default judgment and, therefore, is the prevailing party in its trademark claims against Valenzuela. *See N. Atl. Operating Co., Inc. v. eBay Seller Dealz_for_you*, No. 17-cv-10964, 2020 WL 8575151, at *1 (E.D. Mich. Nov. 17, 2020) ("North Atlantic is the prevailing party because the Court granted North Atlantic's Motion for Default Judgment and Related Relief as to the Marshall Defendants.").

"'[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.'"

*Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 235 (6th Cir. 2019), (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014) (noting that the fee-shifting provision of the Lanham Act was "identical" to the fee-shifting provision of the Patent Act)). "District courts 'determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances.'" *Id*.

In granting default judgment, the Court found that Valenzuela refused to cease and desist its infringing activity when Noco requested that it do so, and that Valenzuela's trademark infringement was willful. (Doc. No. 11 at 1–2.) These findings are sufficient for the Court to concluded that this case is exceptional. *See Eagles, Ltd. v. Am. Eagle Found.,* 356 F.3d 724, 728 (6th Cir. 2004) (a Lanham Act case may be deemed exceptional for purposes of awarding attorney fees when the acts of infringement are malicious, fraudulent, willful, or deliberate) (citing *Hindu Incense v. Meadows,* 692 F.2d 1048, 1051 (6th Cir. 1982)); *see also CARSTAR Franchisor SPV LLC v. Collision Express of Ohio Inc.*, No. 2:19-cv-3282, 2020 WL 1956988, at *1 (S.D. Ohio Apr. 22, 2020) (finding trademark infringement case exceptional after granting default judgment where defendant willfully infringed and failed to litigate plaintiff's claims) (citing *Coach v. Goodfellow*, 717 F.3d 498, 505–06 (6th Cir. 2013) (upholding the district court's award of attorney fees under the Lanham Act when the defendant had actual notice of the infringing activity yet continued to facilitate the activity and also failed to litigate the issue of liability)).

Having determined the case is exceptional, the Court must next determine whether plaintiff's requested fee award is reasonable. A reasonable fee must be "adequately compensatory to attract competent counsel" but avoid "producing a windfall for lawyers."

3

*Gonter v. Hunt Valve Company, Inc.*, 510 F.3d 610, 616 (6th Cir. 2007). To make this determination, "[c]ourts begin with the 'lodestar formula,' which calls for multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Chimney Safety Inst. of Am.*, 3:19-cv-705, 2020 WL 3065624, at *1 (W.D. Ky. June 9, 2020) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). Under the lodestar method, the reasonable hourly rate is based upon the prevailing market rate in the relevant community for lawyers of comparable skill and experience. *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 849 (6th Cir. 2013). In considering whether the time expended is reasonable, the Court should "exclude excessive, redundant, or otherwise unnecessary hours." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (citing *Hensley*, 361 U.S. at 434). The Court has examined the description of work and time expended by counsel to prosecute this case and obtain default judgment—3.5 hours—to be necessary and reasonable. (*See* Doc. No. 13-1.)

With respect to counsel's hourly rate, the total fee requested is $716.00. The initials on the submitted timesheet indicate that multiple individuals billed time to this matter, but plaintiff does not specifically identify any of them. (*See* Doc. No. 13-1.) The only initials on the timesheet that correspond to the initials of counsel of record in this case are SPM, which the Court construes as indicating work performed by Sean P. Malone. There are two timesheet entries for SPM: one entry on 11/19/2019 for $100.50 for 0.3 hours, and a second entry on 12/9/2019 for $134.00 for 0.4 hours, which calculates to an hourly rate of $335.00. The initials of three other timekeepers appear on the timesheet: VMV, KAH, and CB1. VMV billed $173.00 for a total of 1.2 hours, which calculates to an hourly rate of $144.00. KAH billed $266.00 for a total of 1.1 hours, which calculates to an hourly rate of $242.00.

And finally, CB1 billed $42.50 for .5 hours of work, which calculates to an hourly rate of $85.00. (*Id.*)

The information submitted by plaintiff in support of the motion provides no information regarding a reasonable hourly rate for counsel practicing trademark law in Northeast Ohio. While it is plaintiff's burden to establish that the requested attorney fees are reasonable, the Court has "broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). Here, the hourly rates of attorneys (and others) providing legal services to plaintiff in this matter range from $85.00 to $335.00. The Court has previously determined that hourly rates for trademark infringement cases in this community ranging from $125.00 to $325.00 are reasonable. *See Thirty Eight St., Inc. v. Chatur Corp.*, No. 1:08-cv-716, 2010 WL 2991510, at *4 (N.D. Ohio July 27, 2010); *see also WHG TM Corp. v. Patel*, No. 5:07-cv-3087, 2008 WL 495794, at *2 (N.D. Ohio Feb. 22, 2008) (The hourly rates itemized for the plaintiffs' attorneys—Michael J. Garvin (Partner) $342.00, Mark A. Watkins (Partner) $346.50, Shannon V. McCue (Associate) $279.00, Elizabeth Tropf (Paralegal) $148.50, Jason Strobel (Law Clerk) $130.00, Susan B. Hersch (Law Librarian) $100.00—"are reasonable hourly rates, consistent with the prevailing hourly rates in Cleveland, OH."); *Dominic's Rest. of Dayton, Inc. v. Mantia*, No. 3:09-cv-131, 2013 WL 4039032, at *2 (S.D. Ohio Aug. 7, 2013) (finding hourly rate of $375.00 reasonable for counsel in trademark infringement case).

The hourly rates for the individuals providing legal services in this case fall well within the range of hourly rates determined by this Court and sister courts to be reasonable. Therefore, the Court independently concludes that the hourly rates charged in this case are

not out of bounds for this market. *Thirty Eight Street, Inc*., 2010 WL 2991510, at *4 ("[T]he Court independently concludes that none of the rates charged are out of bounds for this market, even those that are in the $300 range."). Accordingly, plaintiff's motion for attorney fees in the amount of $716.00 is granted.

### B. Costs

Plaintiff also seeks recovery of its costs in the amount of $491.57. (Doc. No. 13-1.) In support, plaintiff provides a list of costs incurred, consisting of $400.00 in filing fees, $47.00 in subpoena fees, $39.57 for Federal Express, and $5.00 for Transunion Risk and Alternative Data. (*Id.*)

Section 1117(a) does not define costs, but courts have limited the costs available under § 1117(a) to costs available under 28 U.S.C. § 1920. *Powerhouse Marks LLC v. Chi Hsin Impex, Inc.*, 463 F. Supp. 2d 733, 740 (E.D. Mich. 2006) (limiting costs available under § 1117 to costs specified in 28 U.S.C. § 1920); *see also Profusion Indus., LLC v. Chem-Tek Sys., Inc.*, No. 5:16-cv-164, 2016 WL 7178731, at *9 (N.D. Ohio Dec. 9, 2016) (same) (collecting cases).

Recoverable costs under § 1920 that may be awarded by the Court are limited to the following:

> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Some of the costs sought by plaintiff, such as Federal Express charges, are not properly taxed under § 1920. *Bartley v. Handelsman*, 991 F.2d 794 (Table) (6th Cir. 1993) (Federal Express charges fall outside of the recoverable costs specified in 28 U.S.C. § 1920); *see also Parker v. Winwood*, No. 3:16-cv-00684, 2021 WL 981551, at *6 (M.D. Tenn. Mar. 16, 2021), (Federal Express and UPS shipping fees do not fit within the categories of allowable costs specified by § 1920), *report and recommendation adopted sub nom. Parker v. Davis*, No. 3:16-cv-00684, 2021 WL 1222773 (M.D. Tenn. Apr. 1, 2021). And plaintiff has not specified which category of costs recoverable under § 1920 include its request for "TransUnion Risk and Alternative Data" and "Filing Fee for DMCA Subpoena." Accordingly, the Court denies plaintiff's motion for costs as to these fees and Federal Express fees, but grants plaintiff's motion as to the $400.00 filing fee.

### III. CONCLUSION

For all of the foregoing reasons, Noco's motion for attorney fees is granted in the amount of $716.00, and motion for costs is granted in the amount of $400.00, for a total award in the amount of $1,116.00. A Judgment Entry will be separately published.

**IT IS SO ORDERED**.

Dated: August 23, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**